944 F.2d 911
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 harlie I. KIRKLAND, Petitioner-Appellant,
v.
Richard R. THORNBURGH, J. Michael Quinlan, Gary L. Henman,
Mayor, Washington, D.C., Respondents-Appellees.
 Nos. 90-3332, 90-3352 and 91-3106.
 United States Court of Appeals,
Tenth Circuit.
 Sept. 12, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 PER CURIAM
 
 2
 Petitioner Charlie I. Kirkland was convicted of criminal violation of the District of Columbia Code and was subsequently transferred to the United States Penitentiary, Leavenworth, Kansas (USPL), to serve his sentence. The district court denied his petition for habeas corpus, filed pursuant to 28 U.S.C. § 2241. Kirkland v. Thornburgh, No. 90-3467-R, 1991 WL 50290 (unpubl.) (D.Kan. Mar. 13, 1991). Petitioner appeals pursuant to 28 U.S.C. § 2253.[1]
 
 
 3
 In response to petitioner's notice of appeal, the district court found that the appeal was frivolous and not taken in good faith. Based on this finding, the court denied petitioner leave to proceed in forma pauperis on appeal. Dist.Ct.R. doc. 31. However, petitioner's motion for in forma pauperis status is hereby granted. Cases No. 90-3332 and 90-3352, both interlocutory appeals, are dismissed for mootness because of this court's disposition of petitioner's appeal on the merits herein.
 
 
 4
 Each of the claims petitioner raises on appeal has been considered and was found to be lacking in merit in Blango v. Thornburgh, --- F.2d ----, No. 91-3047, 1991 WL 154940 (10th Cir. Aug. 16, 1991).[2] The judgment of the United States District Court for the District of Kansas is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [2]
 Petitioner filed his pro se petition for habeas corpus relief aided by two fellow inmates whom he described as jailhouse lawyers (referred to hereafter as "fellow inmates"). See Dist.Ct.R. doc. 26. During the pendency of petitioner's case, these fellow inmates filed requests for temporary restraining orders alleging retaliation against them by prison officials in response to their legal assistance to other inmates. Petitioner moved for stay of proceedings in the district court pending the outcome of the fellow inmates' requests for TRO. Id. However, petitioner had already filed his traverse, and all that remained in his action was for the court to rule. Thus, petitioner's access to the courts as to his petition for habeas corpus was complete at the time he submitted his motion for stay, rendering it moot